FILED JUN 14 2013 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KENNETH NICHOLSON, 09A5751,

    Plaintiff,

-v-

BRIAN FISCHER, Commissioner; DALE ARTUS,
Superintendent; THOMAS J. STICHT, D.S.S.;
G. LUCAS, Correction Lieutenant;
JAMES JOHNSON, Correction Sergeant;
JASON BARRETT, Correction Officer;
JAMES FRANCE, JR., Correction Officer;
and RICHARD BROOKS, Correction Officer;

    Defendants.

DECISION AND ORDER
13-CV-6072G(P)

---

KENNETH NICHOLSON, 09A5751,

    Plaintiff,

-v-

BRIAN FISCHER, Commissioner;
PAUL CHAPPIUS, JR., Superintendent;
BRYAN LOCKLIN, Director of Classification;
T. SWEETS, Counselor/ORC; J. POWELL,
Correction Sergeant; STEVEN LEE, Correction
Officer/Law Library Supv.; W. ABRUNZO,
Grievance Supervisor; and KELSEY, Nurse
Practitioner;

    Defendants.

DECISION AND ORDER
13-CV-6282G

---

## **INTRODUCTION**

Plaintiff is an inmate incarcerated in the Elmira Correctional Facility who is proceeding *pro se*. Plaintiff has pending in this Court two actions: 13-CV-6072G, filed in February of this year and

13-CV-6282G, filed on May 31, 2013. Both actions relate to the conditions of his incarceration at Elmira Correctional Facility. In addition to the recently filed action, 13-CV-6282G, plaintiff has also filed a third motion for appointment of counsel (Docket No. 15), a motion for Default Judgement (Docket No. 20) and a Motion for Temporary Restraining Order (Docket No. 19) in the first action, 13-CV-6072G. For the reasons discussed below, the new action, 13-CV-6282G, is deemed a supplement to 13-CV-6072G and the motions for appointment of counsel, default judgement and a Temporary Restraining Order are denied without prejudice.

## DISCUSSION

**Appointment of Counsel**

As the Court stated when plaintiff's second motion for appointment of counsel was decided, because the defendants have not yet responded to the complaint, at this time there is insufficient information before the Court to allow it to assess plaintiff's claims under *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the cases setting the standards for appointment of counsel. Therefore, plaintiff's motion for appointment of counsel is again denied without prejudice to renewal once the defendants have responded to plaintiff's complaint.

**Motion for Default Judgement**

Plaintiff requests a default judgement on the basis that the defendants have failed to respond as directed by the Court's Order of April 2, 2013 (Docket No. 20). Because of the serious nature of plaintiff's allegations, the defendants were directed to address plaintiff's allegations in an expedited manner. On April 22, 2013, defendants' counsel submitted a letter to the Court indicating that plaintiff had been placed in protective custody on March 28, 2013 (Docket No. 17). Thereafter, the Assistant Attorney General in Charge of the Rochester Office, Debra Martin, requested clarification as to the

time to answer the complaint as a whole and an extension of time to answer the complaint. The Court granted the request for an extension on May 16, 2013, directing all defendants to answer the complaint by July 3, 2013 (Docket No. 14)(a copy of the docket is attached). Defendants are, therefore, not in default. Plaintiff's motion is denied.

**Motion for a Temporary Restraining Order**

Plaintiff has now written the Court indicating that he is in fear for his life because of threats from within protective custody at Elmira Correctional Facility. He seeks an emergency transfer out of Elmira Correctional Facility (Docket No. 19). For the reasons discussed in the Order signed April 2, 2013, plaintiff's request for emergency transfer must be denied because the Court does not have the authority to order plaintiff transferred out of Elmira Correctional Facility. Nevertheless, although plaintiff is currently in protective custody, he specifically alleges further fear for his life, causing the Court to seek more information. The Assistant Attorney General responsible for this action, Bernard F. Sheehan, is directed to respond to the allegations in Docket No. 19 within **ten days** of the signing of this Order and state how those concerns will be addressed.

**Complaint filed in 13-CV-6282G**

Plaintiff's new complaint alleges that as to his incarceration at Elmira. 1) His security classification is wrong per New York State Department of Corrections and Community Services (DOCCS) regulations and he should be at a medium security prison, and despite grievances this has not been corrected. 2) He is in protective custody, and though DOCCS regulations require the same privileges as for inmates in the general population, he is being denied law library books, use of typewriters and of typists. 3) He requested a transfer to another prison meet program needs and, if that is not possible, transfer to general population so that he can complete his mandatory program requirements. When he was interviewed regarding this request, the defendants interviewed him in the

3

day room within earshot of other inmates, with the door wide open, and defendants loudly threatened to transfer him to the general population and let offenders know that he informed on gang leaders. He alleges that this, for the second time, put his life in danger. 4) He has serious back problems for which adequate pain medication/treatment is being denied. The allegations have been reviewed pursuant to 28 U.S.C. § 1915(e).

Because plaintiff's complaint relates to his incarceration at Elmira Correctional Facility and is closely related to the allegations he raises in his first case, 13-CV-6072G, this complaint will be deemed a supplement to the 13-CV-6072G Amended Complaint. Defendants in 13-CV-6072G have already been served and are required to answer the Amended Complaint by July 3, 2013. The Clerk of Court is directed to docket the papers filed in 13-CV-6232G as papers in the 13-CV-6072G action and close the 13-CV-6232G action. The complaint in 13-CV-6232G is to be docketed as a Supplement to the Amended Complaint in 13-CV-6072G. Further, so as to not delay the response to the Amended Complaint or this Supplemental Complaint, the original defendants in 13-CV-6072G will answer the Amended Complaint by July 3, 2013. The Clerk of Court is directed to expedite service on the new defendants in the supplemental complaint by issuing summons, completing the Marshal service forms and forwarding the Amended Complaint, Supplemental Complaint, and a copy of this Order to the Marshal's Service for service forthwith on the newly added defendants.

## CONCLUSION and ORDER

IT HEREBY IS ORDERED, that plaintiff's request for appointment of counsel is denied without prejudice;

FURTHER, that plaintiff's request for default is denied;

FURTHER, that plaintiff's request for emergency transfer is denied;

FURTHER, that the Assistant Attorney General responsible for this action is directed to respond to the allegations in the motion for emergency transfer within ten days of the signing of this Order;

FURTHER, that the complaint in 13-CV-6232G is deemed a supplement to the 13-CV-6072G Amended Complaint;

FURTHER, that the Clerk of Court is directed to docket the papers in 13-CV-6232G as papers in the 13-CV-6072G action and close the 13-CV-6232G action. The complaint in 13-CV-6232G is to be docketed as a Supplement to the Amended Complaint in 13-CV-6072G.

FURTHER, the Clerk of Court is directed to expedite service on the new defendants in the supplemental complaint by issuing summons, completing the Marshal service forms and forwarding the Amended Complaint, Supplemental Complaint, and a copy of this Order to the Marshal's Service for service forthwith;

FURTHER, that the Clerk of Court is directed to forward a copy of this Order to Assistant Attorney General Bernard Sheehan; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
FRANK P. GERACI, JR.
United States District Judge

DATED: _____, 2013
Rochester, New York