UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH NICHOLSON, DIN #09-A-5751

                          Plaintiff,

                                                                  DECISION AND ORDER

v.

                                                                    Case No. 13-CV-6072FPG

BRIAN FISCHER, Commissioner;
ANTHONY J. ANNUCCI, Acting Commissioner;
THERESA A. KNAPP-DAVID, Associate Commissioner;
ALBERT PRACK, Director of Special Housing Unit;
JAMES ESCROW, Commissioner Hearing Officer;
DALE ARTUS, Superintendent-Wende C.F.;
PAUL CHAPPIUS, JR., Superintendent-Elmira C.F.;
BILL A'BRUNZO, Grievance Supervisor-Elmira C.F.;
JAMES JOHNSON, Correction Sergeant- Wende C.F.;
J. POWERS, Correction Sergeant-Elmira C.F.;
COLLIMER, Correction Sergeant-Elmira C.F.;
JASON BARRETT, Correction Officer-Wende C.F.;
T. HUGHES, Correction Officer-Elmira C.F.;
R. SULLIVAN, Correction Officer-Elmira C.F.;
BENNETT, Correction Officer-Elmira C.F.;
LONG, Correction Officer-Elmira C.F.;
T. SWEETS, Correction Counselor/O.R.C.-Elmira C.F.;
THOMAS J. STICHT, Deputy Superintendent Security-W.C.F.;
RICHARD BROOKS, Correction Officer-Wende C.F.;
JAMES FRANCE, JR., Correction Officer-Wende C.F.;
G. LUCAS, Correction Lieutenant-Wende C.F.; and
SANDY KELSEY, Nurse Practitioner-Elmira C.F.,
In Their Individual and Official Capacities,

                          Defendants.
_____

      *Pro se* Plaintiff Kenneth Nicholson ("Plaintiff"), an inmate currently incarcerated in the Great Meadow Correctional Facility ("Great Meadow"), filed a Second Amended Complaint on August 20, 2013 in this action brought pursuant to 42 U.S.C. § 1983, alleging the violation of his

constitutional right to equal protection, failure to protect, cruel and unusual punishment, inadequate medical care, informational privacy, and the right to communicate with the outside world. ECF No. 38. Thereafter, on December 11, 2013, Defendants filed a Motion for Summary Judgment (ECF No. 46), and the Court received Plaintiff's various responses (ECF Nos. 53 and 58), and Defendants' Reply (ECF No. 56). While the Court has yet to determine Defendants' summary judgment motion, Plaintiff, in connection with a subsequently filed motion seeking leave to amend the Amended Complaint,[1] has expressed his concurrence with Defendants' position to dismiss all named Defendants and claims in the Amended Complaint, with the exception of Defendants Johnson, Lucas, Sticht, and Barrett, the subjects of allegations articulated in "Claim 1." ECF No. 62. The Court takes notice of Plaintiff's concession at this time and, accordingly, will address the requested dismissal of the specified Defendants and claims when ruling on the summary judgment motion.

In the meantime, now, before the Court for disposition is Plaintiff's application, filed on May 2, 2014, for an emergency injunction, whereby he seeks placement in protective custody based upon allegations that he fears for his life in general population, and Great Meadow is not an appropriate placement due to his prior history since entry into custody of the Department of Corrections and Community Supervision ("DOCCS"). ECF No. 58. Defendants have responded in opposition to the requested relief. ECF No. 61. For the reasons set forth herein below, Plaintiff's motion for an emergency injunction is denied.

Initially, the Court notes that in previous filings in this case, Plaintiff alleged that he suffered serious attacks in Wende and Sing Sing Correctional Facilities, as well as gang-related

---

[1] Western District of New York Magistrate Judge Marian W. Payson issued a Decision & Order denying without prejudice Plaintiff's request for leave to amend. ECF No. 64.

2

threats. ECF Nos. 1, 6, 19, 27. Additionally, the Court is aware that Plaintiff has been in protective custody in DOCCS in the past. ECF No. 33.

Consequently, due to the serious nature of Plaintiff's current allegations regarding safety issues, the Court set a date for the filing of a response by the New York State Attorney General's Office (ECF No. 60), but orally requested that office to contact the appropriate staff at Great Meadow to make immediate inquiry into the Plaintiff's allegations regarding the need for protective custody. In accordance with the Court's oral request, the New York State Attorney General's Office, by and through Assistant Attorney General Bernard F. Sheehan, Esq., conducted such inquiry, and filed (1) a Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, ("Sheehan Mem.") (ECF No. 61); (2) the Declaration of Bernard F. Sheehan ("Sheehan Decl.") (ECF No. 61-1), which included the Declaration of Superintendent Paul Chappius, Jr., Elmira Correctional Facility ("Elmira") ("Chappius Decl.") (Ex. A, ECF No. 61-1), the Memorandum of Sgt. R. Patchen (Ex. 1, ECF No. 61-1), and the Memorandum of Superintendent Christopher Miller of Great Meadow ("Miller Mem."), along with certain related documents (Ex. B, ECF No. 61-1).

Upon review, the related documents specified in Exhibit B reveal that Plaintiff made the same requests for protection to Western District of New York Magistrate Judge Marian W. Payson who, in turn, also made inquiry of Great Meadow prison officials regarding Plaintiff's safety and directed them to investigate Plaintiff's serious concerns immediately. ECF No. 59; Ex. B, ECF No. 61-1. The related documents also include copies of interviews of Plaintiff conducted by Great Meadow staff, most particularly, Sgt. R. Palmer, regarding Plaintiff's need for protective custody, as well as copies of forms signed by the Plaintiff on May 8, 2014 and

May 12, 2014, stating that he did not need protective custody and declining to accept or participate in protective custody. *Id.*

As this Court observed in a prior Decision and Order (ECF No. 8), Plaintiff does have a right to be protected from violence from other inmates, *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991), which might include the right not to be transferred to a prison where there is a known threat of death, *Fitzharris v. Wolff*, 702 F.2d 836, 839 (9th Cir. 1983). However, in order to be held liable for a failure to protect an inmate, an official must be shown to have demonstrated deliberate indifference to the inmate's safety. *See Hendricks v. Coughlin*, 942 F.2d at 109. A prison official demonstrates deliberate indifference when he has actual or constructive notice of a specific risk to an inmate's safety and fails to take steps to protect the inmate from injury. *See Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989).

Plaintiff has characterized or styled his application as one for emergency injunctive relief which the Court interprets as a motion for preliminary injunction pursuant Fed. R. Civ. P. 65. A threshold inquiry is whether the well-settled test for granting a preliminary injunction has been met. Generally, to obtain a preliminary injunction, the movant must demonstrate "(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction." *Red Earth LLC v. United States*, 657 F.3d 138, 143 (2d Cir. 2011) (citing *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d. 152, 156 (2d Cir. 2010) (internal quotation marks and citations omitted)).

It is well settled, generally, that the decision to grant preliminary injunctive relief falls within the sound discretion of the district court. *Himes v. Sullivan*, 779 F. Supp. 258, 272

4

(W.D.N.Y. September 4, 1991) (citing *Jack Kahn Music Co., Inc. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 758 (2d Cir. 1979) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931–32 (1975). A court is reminded that a preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion," *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citations omitted), since its purpose is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits." *Candelaria v. Baker*, No. 00-CV-0912E, 2006 U.S. Dist. LEXIS 13238, at *9, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 08, 2006) (*quoting Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

Moreover, as Defendants aptly have argued, an even higher standard, *i.e.*, "a clear or substantial showing of a likelihood of success," applies where the moving party seeks an injunction which "will alter, rather than maintain, the status quo." *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (citing *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995). Unquestionably, Plaintiff seeks to alter the status quo by requesting that the Court order DOCCS officials to move him from general population housing to protective custody.

Reviewing Plaintiff's allegations, it is clear that while he acknowledged that none of his previous attackers are inmates at Great Meadow, he has also alleged that he is fearful of the network of gang-related activity in state correctional facilities, that there is a "Statewide bounty/contract on his life," and his alleged attackers may have friends or co-defendants in Great Meadow or "can kite a fellow gang member here." ECF No. 58. These fears notwithstanding, however, at the time he was interviewed at Great Meadow, Plaintiff denied the need for protective custody, stating: "I'm good, it's all taken care of." Ex. B, ECF No. 61-1.

Furthermore, on May 8, 2014 and May 12, 2014, respectively, Plaintiff signed a form stating, "I do not need or request Protective Custody at this time. If the need arises in the future, I will contact a supervisor immediately." *Id.* On previous occasions, Plaintiff raised safety concerns and sought protective custody at Elmira, where he was incarcerated prior to Great Meadow, but when interviewed by Elmira prison staff, Plaintiff indicated that he did not fear for his safety and expressed concern that unknown persons were "messing with [his] packages and [his] mail." Exs. A and 1, ECF No. 61-1.

Although Defendants appropriately have urged this Court to deny the requested emergency injunctive relief on the basis that, unlike the allegations of the underlying Amended Complaint which relate to individuals and occurrences at Elmira, the allegations offered by Plaintiff in support of the instant application relate to individuals and occurrences at Great Meadow, *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint") and *Sanchez v. DOCS Med. Dep't*, No. 12-CV-141Sr., 2013 U.S. Dist. LEXIS 123775, at *17, 2013 WL 4520021, at *4 (W.D.N.Y. August 21, 2013) (citing *McAllister v. Goord*, 2009 U.S. Dist. LEXIS 121258, at *5, 2009 WL 5216953 (N.D.N.Y. Dec. 30, 2009)) (citation omitted) ("In other words, the relief that a plaintiff seeks by way of injunction must relate to the allegations contained in the underlying complaint."), substantial other reasons exist for denying Plaintiff's application.

Plaintiff has not met the test for a preliminary injunction in that he has failed to demonstrate the existence of irreparable harm, especially, in view of his signed declinations refusing placement into protective custody at Great Meadow as unnecessary. Importantly, Plaintiff also has failed to demonstrate that prison officials knew of and disregarded a substantial

risk to his safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). Indeed, considering Plaintiff's history in DOCCS, Great Meadow officials responded in a manner reasonably calculated to address Plaintiff's expressed risk to his personal safety and did not disregard such risk. Since it appears to this Court at the present time that the need for the requested relief no longer exists, Plaintiff's Motions for an Emergency Injunction (ECF Nos. 58 and 59) are hereby denied in their entirety.

    IT IS SO ORDERED.

Dated: November 10, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge