UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH NICHOLSON,

                                Plaintiff,

                                                           Case # 13-CV-6072-FPG

v.

                                                           DECISION AND ORDER

BRIAN FISCHER, et al.,

                                Defendants.
_____

On September 24, 2018, judgment was entered against Plaintiff in this action brought under 42 U.S.C. § 1983. Presently before the Court are three matters: first, Plaintiff's motion for reconsideration of the Court's summary judgment order (ECF No. 155); second, a bill of costs filed by Defendant James Johnson (ECF No. 146); and third, a motion to withdraw filed by Plaintiff's *pro bono* counsel (ECF No. 148). The Court resolves all of these issues in this omnibus order.

**I. Motion for Reconsideration**

On November 7, 2018, Plaintiff, acting *pro se*, moved for reconsideration of the Court's April 2018 summary judgment order. ECF No. 155. But previously, on October 12, 2018, Plaintiff filed a notice of appeal. ECF No. 150. In his appeal, Plaintiff challenges, *inter alia*, the Court's summary judgment order. *See id.* at 1.

As a result, the Court does not have jurisdiction to consider Plaintiff's motion. The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ullah*, No. 04-CR-30A, 2006 WL 2864018, at *1 (W.D.N.Y. Oct. 4, 2006) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). While a district court may nonetheless retain jurisdiction over a motion for reconsideration under certain

circumstances, the motion must be timely filed. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001). To be timely, the motion—whether brought under Rule 59(e) or Rule 60(b)—must be filed within 28 days after entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi); Fed. R. Civ. P. 59(e).

Here, Plaintiff filed his motion for reconsideration more than a month after judgment was entered. Thus, his motion is untimely and the Court does not have jurisdiction to consider it. *See Azkour v. Little Rest Twelve*, No. 10-cv-4132, 2015 WL 1413620, at *1 (S.D.N.Y. Mar. 23, 2015). Therefore, Plaintiff's motion for reconsideration is DENIED.

## II. Bill of Costs

Defendant James Johnson has filed a bill of costs in the amount of $2,522.75. ECF No. 146. All of the requested costs were incurred in connection with the taking of depositions. Plaintiff asks the Court to deny Defendant's request for costs. He does not assert that the depositions were unnecessary or that the costs are inflated. Instead, Plaintiff argues that costs should be denied based on his indigency and the fact that his claims were non-frivolous and made in good faith.[1]

"The Court is authorized to award costs pursuant to Federal Rule of Civil Procedure 54(d), which provides that '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.'" *McGowan v. Schuck*, No. 12-CV-6557, 2018 WL 6011166, at *1 (W.D.N.Y. Nov. 16, 2018) (quoting Fed. R. Civ. P. 54(d)(1)). "Because Rule 54(d) allows costs as of course, such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Id.* (internal quotation marks and brackets omitted). Consequently, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing

---

[1] This Court retains ancillary jurisdiction to resolve this issue notwithstanding the notice of appeal. *See Gevorkyan v. Judelson*, No. 13 Civ. 8383, 2015 WL 6508324, at *1 n.1 (S.D.N.Y. Oct. 20, 2015).

2

party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016). "[T]he decision to award costs under Rule 54(d)(1) is committed to the sound discretion of the district court." *Carter v. Inc. Village of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (internal quotation marks omitted).

As *Whitfield* makes clear, a party's indigency may be considered in determining whether to award costs. "[A] district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270. Likewise, "*in forma pauperis* status does not automatically excuse [the losing party] from paying costs." *Cucuta v. City of New York*, 25 F. Supp. 3d 420, 421 (S.D.N.Y. 2014). Courts reason that the "goal of requiring indigent litigants to assess the relative merits and risks of litigation would be thwarted if indigency alone were always sufficient" to deny costs. *Glucover v. Coca-Cola Bottling Co. of N.Y., Inc.*, 91 Civ. 6331, 1996 WL 1998, at *3 (S.D.N.Y. Jan. 3, 1996). Moreover, because the losing party bears the burden to show that costs should not be imposed, he must provide more than conclusory statements regarding his indigency to justify relief. *See McGowan*, 2018 WL 6011166, at *2 (plaintiff's allegations of "very limited financial resources" and minimal prison wages were "insufficient to overcome the presumption that costs should be awarded to Defendants as the prevailing parties").

The Court concludes that Plaintiff has carried his burden to demonstrate that costs should be denied. Plaintiff's claim of limited financial resources is borne out by the record. Specifically, in one of his original motions to proceed *in forma pauperis*, a prison official certified that Plaintiff had the sum of $14.55 in his prison account in June 2013 and had an average balance of $37.48 during the previous six months. *See* ECF No. 23 at 3. Plaintiff is incarcerated and receives money

3

only through occasional gifts from friends and family. *Id.* at 2. Although this evidence is somewhat stale, the record does not indicate, and Defendant does not suggest, that there has been any change in circumstances. Therefore, Plaintiff's situation goes beyond mere indigency, and the imposition of costs would "constitute[] a severe financial hardship on someone who is already financially destitute." *Wisniewski v. Claflin*, No. CV 05-4956, 2008 WL 11412045, at *1 (E.D.N.Y. Dec. 10, 2008). Furthermore, Defendant does not dispute that Plaintiff brought this action in good faith and that at least a portion of his claims proceeded to a jury trial. Given these facts, the Court concludes that it would be inequitable to impose costs against Plaintiff. *Accord id.*; *Edwards v. Brookhaven Sci. Assocs., LLC*, No. 03-cv-6123, 2006 WL 3497861, at *2 (E.D.N.Y. Dec. 4, 2006).

Accordingly, the Clerk of Court shall not tax Defendant's requested costs (ECF No. 146) against Plaintiff.

## III. Motion to Withdraw

Plaintiff's *pro bono* counsel move to withdraw, arguing that their representation of Plaintiff is now complete given the entry of judgment and the resolution of the issue of costs. ECF No. 148. The Court agrees. Finding good cause for withdrawal, the Court GRANTS *pro bono* counsel's motion to withdraw.

**CONCLUSION**

For the reasons discussed above:

1. Plaintiff's motion for reconsideration (ECF No. 155) is DENIED.

2. The Court declines to award the costs requested by Defendant (ECF No. 146), and the Clerk of Court shall not tax such costs against Plaintiff.

3. *Pro bono* counsel's motion to withdraw (ECF No. 148) is GRANTED.

IT IS SO ORDERED.

Dated: December 17, 2018
       Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court